UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MARCOS MEDINA, on behalf of himself and all other
persons similarly situated,

                              Plaintiff,

  -against-

BUTERA'S FORNO INC., MARTIN BUTERA,
GARY BUTERA, and NICHOLAS ZOGRAFOS,

                              Defendants.
------------------------------------------------------------------------X

**COMPLAINT**

FLSA Collective Action

       Plaintiff, MARCOS MEDINA ("Plaintiff"), by and through his attorneys, the Romero Law Group PLLC, on behalf of himself and all other persons similarly situated, complaining of the Defendants, BUTERA'S FORNO INC., MARTIN BUTERA, GARY BUTERA and NICHOLAS ZOGRAFOS (collectively "Defendants"), alleges as follows:

## NATURE OF THE ACTION

       1.     Defendants are engaged in the restaurant business. Plaintiff performed non-exempt work for the Defendants. Plaintiff regularly worked more than 40 hours in a work week but was not paid overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, ("FLSA").

       2.     Plaintiff brings this action under the FLSA on behalf of himself and all similarly situated current and former employees who elect to opt into this action pursuant to the collective action provision of the FLSA, 29 U.S.C. § 216(b).

       3.     Plaintiff also brings this action to recover unpaid overtime wages and spread-of-hours pay pursuant to New York Labor Law Article 19, § 650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 146 ("NYLL").

1

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391. Defendants do business in the State of New York, within the Eastern District of New York.

## PARTIES

7. Defendant, Butera's Forno Inc. ("Butera's"), is a domestic corporation that operates a restaurant located in Bayshore, New York.

8. At all times relevant, Defendants are engaged in the restaurant business and are an "enterprise engaged in commerce" within the meaning of the FLSA in that they (1) have and have had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (2) have and have had annual gross volume of sales of not less than $500,000.00.

9. At all times relevant, Defendants have "employees engaged in commerce or in the production of goods for commerce, or…has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce" as required by the FLSA.

10. Defendants' restaurant requires a "wide variety" of materials that have moved through interstate commerce such as foodstuffs, kitchen utensils, cooking vessels, cleaning supplies, paper products, furniture, and more.

11. At all relevant times, Plaintiff was a non-exempt employee of the Defendants and an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and NYLL § 190(2).

12. Plaintiff's duties included preparing and cooking food. In performing his duties, Plaintiff handled or worked with goods, such as fruit, grains, beef, poultry, fish, cheese, dairy products and cookware and cooking utensils which undoubtedly moved in interstate commerce.

13. At all times relevant, Defendants were and still are an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and NYLL § 190(3).

14. At all times relevant, Defendants have been, and continue to be, an "employer" engaged in "interstate commerce" and/or in the production of goods" for "commerce" within the meaning of 29 U.S.C. §203. At all times relevant, Defendants have been, and continue to be, an "employer" as defined by 29 U.S.C. § 203(D) and by the NYLL § 190(3).

15. At all relevant times, Defendant, Martin Butera, was a shareholder and/or officer of Butera's, had authority to make payroll and personnel decisions for Butera's, and was active in the day-to-day management of Butera's, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff. Defendant is liable to Plaintiff as an "employer" for the unpaid wages Plaintiff seeks to recover.

16. At all relevant times, Defendant, Gary Butera, was a shareholder and/or officer of Butera's, had authority to make payroll and personnel decisions for Butera's, and was active in the day-to-day management of Butera's, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff. Defendant is liable to Plaintiff as an "employer" for the unpaid wages Plaintiff seeks to recover.

17. At all relevant times, Defendant, Nicholas Zografos, was a shareholder and/or officer of Butera's, had authority to make payroll and personnel decisions for Butera's, and was active in the day-to-day management of Butera's, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff. Defendant is liable to Plaintiff as an "employer" for the unpaid wages Plaintiff seeks to recover.

## STATEMENT OF FACTS

18. Plaintiff was employed by Defendants as a cook from in or about June 2022 to in or about February 2024.

19. Plaintiff performed non-exempt duties for the Defendants including preparing food and cooking. Plaintiff did not plan and/or design the menus for Prime Bistro, did not have authority to hire and/or fire employees, did not set the schedule or wages of employees, and did not supervise employees.

20. Throughout his employment with Defendants, Plaintiff regularly worked more than 40 hours in a workweek.

21. Defendants paid Plaintiff a fixed salary in cash that did not vary according to the actual number of hours worked by Plaintiff each workweek. Defendants paid Plaintiff a weekly salary of $1,050.

22. Defendants failed to pay Plaintiff overtime for hours worked after 40 hours per week at the rate of one and one-half times Plaintiff's regular rate of pay. Pursuant to the NYLL Hospitality Wage Order ("HWO"), which was applicable to Plaintiff's employment, Plaintiff's "regular hourly rate of pay shall be calculated by dividing [Plaintiff's] total weekly earnings ...by the lesser of 40 hours or the actual number of hours worked by [Plaintiff] during the work week" in accordance with 12 NYCRR § 146. Thus, Plaintiff's regular rate of pay was $26.25 per hour.

4

Therefore, Defendants were required to pay Plaintiff at a rate not less than $39.37 per hour for all hours worked after 40 hours per work week.

23. Plaintiff regularly worked from 10 am to 10 pm, 5 days per each workweek.

24. Defendants paid Plaintiff on a basis other than an hourly basis in violation of 12 N.Y.C.R.R. § 146.

25. Throughout his employment with Defendants, Plaintiff often worked more than 10 hours in a single day.

26. Defendants failed to pay Plaintiff spread-of-hours pay for each day in which their spread of hours exceeded 10 hours in violation of N.Y. Comp. Codes R. & Regs. 12 § 146-1.6.

27. Defendants failed to provide Plaintiff upon hire with an accurate written notice of his rate of pay and other information in violation of N.Y. Comp. Codes R. & Regs. 12 § 146-2.2 and Section 195 of the NYLL.

28. Defendants failed to furnish Plaintiff with an accurate statement with every payment of wages listing the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked in violation of N.Y. Comp. Codes R. & Regs. 12 § 146-2.3 and New York Labor Law § 195(3).

29. Defendants failed to post notices explaining wage and hour requirements in conspicuous places as required by the FLSA, 29 C.F.R. §516.4 and the NYLL, N.Y. Comp. Codes R. & Regs. 12 § 146-2.4.

## COLLECTIVE ACTION ALLEGATIONS

30. At all relevant times, Plaintiff and the other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan and common

5

policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay for all hours worked in excess of forty (40) each week.

31. Plaintiff also brings FLSA claims on behalf of himself and all non-exempt employees of Defendants who give their consent, in writing, to become plaintiffs and who worked in the kitchen and performed duties including, but not limited to, preparing and/or cooking food, washing dishes, unloading trucks, cleaning and/or maintaining the premises, at any time during the three (3) years prior to the filing of their respective consent forms.

32. Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiff, who have been underpaid in violation of the FLSA. The named Plaintiff is representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as his own interest in bringing this action.

33. Plaintiff seeks to proceed as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all persons who are currently, or have been, employed by the Defendants in non-exempt positions including, but not limited to, back-of-the house kitchen workers, cooks, line cooks, food preparers, dishwashers, porters and maintenance workers as at any time during the three (3) years prior to the filing of their respective consent forms.

34. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendant. These similarly situated employees should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiffs, who have been unlawfully deprived of overtime pay and minimum wage in violation of the FLSA, will be unable

to secure compensation to which they are entitled, and which has been unlawfully withheld from them by the Defendants.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT: OVERTIME WAGES

35. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

36. Defendants employed Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular rate, in violation of the FLSA.

37. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional. Defendants have not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

38. Therefore, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

39. Plaintiff has been deprived of overtime compensation and other wages in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
## NEW YORK LABOR LAW: OVERTIME WAGES

40. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

41. Defendants employed Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate him for the time worked in excess of forty (40) hours per week at a rate of at least one and one-half times his regular rate in violation of NYLL.

42. By Defendants' failure to pay Plaintiff overtime wages for hours worked in excess of 40 hours per week, they have willfully violated the NYLL Article 19, § 650 et seq., and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 146.

43. Plaintiff is entitled to recover from Defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## THIRD CLAIM FOR RELIEF
## NEW YORK LABOR LAW: SPREAD OF HOURS

44. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

45. Defendants willfully failed to pay Plaintiff one additional hour pay at the basic minimum wage rate before allowances for each day the spread of hours exceeded ten (10) in violation of in violation of N.Y. Comp. Codes R. & Regs. 12 § 146-1.6 and NYLL.

46. Plaintiff is entitled to recover from Defendants spread of hours pay, plus interest, liquidated damages, reasonable attorneys' fees and the costs of this action.

## FOURTH CLAIM FOR RELIEF
## NEW YORK LABOR LAW: WAGE NOTICE

47. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

48. Defendants failed to provide Plaintiff upon hire with an accurate written of his rate of pay and other information in violation of N.Y. Comp. Codes R. & Regs. 12 § 146-2.2 and Section 195 of the NYLL.

49. Plaintiff is entitled to recover statutory damages from Defendants.

## FIFTH CLAIM FOR RELIEF
## NEW YORK LABOR LAW: WAGE STATEMENTS

50. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

51. Defendants failed to furnish Plaintiff with a statement with every payment of wages listing the regular hourly rate or rates of pay, the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked in violation of in violation of N.Y. Comp. Codes R. & Regs. 12 § 146-2.3 and NYLL § 195(3).

52. Plaintiff is entitled to recover statutory damages from Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

(i) Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 201 et seq. and the supporting United States Department of Labor regulations;

(ii) Certification of this case as a collective action under 29 U.S.C. § 216(b);

(iii) Unpaid overtime wages, spread of hours pay and statutory damages for violations of NYLL § 195, liquidated damages and pre- and post-Judgment interest;

(iv) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under NYLL, Article 19, § 650 et seq., and the supporting New York State Department of Labor Regulations;

(v) All attorneys' fees and costs incurred in prosecuting these claims; and

(vi) Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
April 6, 2024

                ROMERO LAW GROUP PLLC

                */s/ Peter A. Romero*

By: _____
                Peter A. Romero, Esq.
                490 Wheeler Road, Suite 250
                Hauppauge, New York 11788
                Tel. (631) 257-5588
                promero@romerolawny.com

                *Attorneys for Plaintiffs*

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against, Butera's Of Bay Shore, and any related entities or individual defendants, to recover unpaid wages and/or damages for untimely paid wages pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 201 *et seq.* and its applicable regulations and the New York Labor Law and its applicable regulations and wage orders. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Romero Law Group to represent me in this case.

_____        02/12/24
Marcos Medina (Feb 12, 2024 11:43 EST)        _____
Marcos Medina                                              Date